*Reversed and remanded.*

McSURELY, P. J., and O'CONNOR, J., concur.

**Ed. Poncher, Trading as Ed. Poncher & Company, Appellee, v. Sterling Bolt Company, Appellant.**

**Gen. No. 33,537.**

Opinion filed October 14, 1929.

GOLDMAN & SEEDER, for appellant; ALBERT GOLDMAN, of counsel.

HAROLD L. FEIGENHOLTZ, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover a balance of $930.33 claimed to be due for goods sold and delivered. Plaintiff's statement of claim was based upon a written contract entered into between the parties. The defendant filed an affidavit of merits and a set-off. Part of the affidavit of merits and the set-off was, on motion of plaintiff, stricken; and apparently since the portion of the affidavit of merits which remained admitted a liability of $687.50, the court entered judgment for this sum. The questions for decision therefore are:

(1) Did that part of defendant's affidavit of merits which was stricken set up a legal defense? (2) Did defendant's set-off set up a legal claim against plaintiff?

(1) The statement of claim set up the written contract whereby plaintiff sold and the defendant bought "two carloads bolts, nuts, screws, washers, etc., as packed and loaded by Sterling Bolt Co. representative, Mr. H. Dorph, at Elizabeth, N. J. . . . at $51.30 per net ton, f. o. b. cars, Polk Str. team tracks." It was

averred that the defendant paid $4,000 on account and that there was a balance due of $930.33.

In the amended affidavit of merits it was averred that about a month prior to the execution of the written contract mentioned in the statement of claim, the parties at Elizabeth, New Jersey, entered into an oral contract whereby plaintiff sold and defendant bought the identical goods mentioned in the written contract, the price being $22.50 per ton f. o. b. cars, Elizabeth, New Jersey; that the goods were loaded on the cars in New Jersey and thereupon the defendant offered to pay plaintiff the price agreed upon but plaintiff refused to turn over the bill of lading or to receive payment; that the goods were shipped to Chicago by plaintiff and that upon arrival of the cars in Chicago plaintiff refused to turn them over to defendant unless defendant would pay $40 per ton instead of $22.50 per ton; that defendant, having theretofore resold the goods, was compelled to enter into the written contract mentioned in the statement of claim, whereby it agreed to pay the $40 per ton, plus freight.

Defendant contends that this written agreement to pay plaintiff the additional compensation was without consideration and therefore unenforceable. Plaintiff concedes that it is the law, as contended for by defendant, that where parties have entered into a binding contract for the purchase and sale of goods, the purchaser's subsequent promise to pay additional compensation for the same goods is without consideration and unenforceable, but contends that the proposition has no application to the facts as disclosed by the record because, under the law of this State, it is well settled that when parties have reduced their contract to writing, it will be conclusively presumed that the written contract ''contains the whole of the prior negotiations, promises and agreements of the parties,'' and that in the instant case the parole evidence rule would

exclude any evidence tending to show the oral contract as alleged in the defendant's affidavit of merits.

We think this contention of plaintiff is not applicable. The defendant was not seeking to vary the terms of the written contract in any manner but sought to show that prior to the making of it the parties had entered into a valid, binding oral contract for the purchase and sale of the identical goods mentioned in the written contract, the only substantial difference being that in the written contract defendant agreed to pay plaintiff additional compensation and that under the law this promise for additional compensation was a *nudum pactum*. Whether the second contract was written or oral would in no way affect the rights of the parties.

The court erred in striking the affidavit of merits.

(2) The substance of defendant's set-off was that the $4,000 which defendant paid to plaintiff on account of the goods was more than sufficient to pay for them, when the quantity was afterwards ascertained by weighing, at the price agreed upon in the oral contract. Obviously, if defendant had paid more than the contract price, it would be entitled to recover such excess. It was error to strike the set-off.

The judgment of the municipal court of Chicago is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.